MATSON PLASTERING CO., INC.,
Plaintiff–Appellee,

v.

OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION, AFL–CIO, PLASTERERS LOCAL UNION NO. 295, Defendant–Appellant.

No. 80–4277.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1980.

Decided Dec. 12, 1980.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, argued, for defendant–appellant.

Thomas E. Campagne, Fresno, Cal., argued, for plaintiff–appellee.

Before KENNEDY, SCHROEDER and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

The issue for decision is whether the district court had jurisdiction to issue a preliminary injunction against a strike by the Operative Plasterers and Cement Masons International Association, Local 295 (the Union). The Union claims that the court lacked jurisdiction under applicable provisions of the Norris–LaGuardia Act, 29 U.S.C. § 101 *et seq.* Matson Plastering Co., Inc. (the Employer) claims that the district court had jurisdiction under the exception to the Norris–LaGuardia Act established in *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

As this court has stated before,

The Norris–LaGuardia Act contains severe strictures against the issuance of injunctions in cases involving or growing out of labor disputes. 29 U.S.C. §§ 104, 113(c).

The clear command of this Congressional enactment restricts the jurisdiction of the federal courts.

*Martin Hageland, Inc. v. United States Dist. Ct. Cent. Dist., Cal.*, 460 F.2d 789, 791 (1972).

*Boys Markets* carved out a narrow exception to these strictures. It overruled prior case law (*Sinclair Refining Co. v. Atkinson*, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962)) and held that the Norris–LaGuardia Act did not prohibit an injunction to enforce an undisputed contractual obligation not to strike and to submit to binding arbitration. Absent such a clear contractual duty, *Boys Markets* "leaves the strictures of the Norris–LaGuardia Act undisturbed." *Martin Hageland, Inc.*, 460 F.2d at 791.

The narrowness of the *Boys Markets* exception became clearer in *Buffalo Forge Co. v. United Steelworkers of America, AFL–CIO*, 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976). In *Buffalo Forge* the employer sought a *Boys Markets* injunction against a sympathy strike on the ground that it was prohibited under the collective bargaining agreement's no–strike clause. The Court distinguished between the situation in *Boys Markets*, where it was undisputed by the parties that the work stoppage violated the no–strike clause of the bargaining agreement, and the situation in *Buffalo Forge*, where this was precisely the underlying contract dispute. The Court held that the district court had no jurisdiction to consider the merits of the underlying dispute over the proper interpretation of the contract. The district court's jurisdiction in *Buffalo Forge* was limited to deciding whether the dispute over contract interpretation was arbitrable under the bargaining agreement. Most importantly, the Court held that in a *Buffalo Forge* type case a district court may not issue an injunction pending the arbitrator's decision where it is not clear whether the strike is over an arbitrable issue and is in direct violation of a no strike clause.

[An injunction pending the decision by the arbitrator] would cut deeply into the

policy of the Norris–LaGuardia Act and make federal courts potential participants in a wide range of arbitrable disputes under the many existing and future collective bargaining contracts, not just for the purpose of enforcing promises to arbitrate, which was the limit of *Boys Markets*, but for the purpose of preliminarily dealing with the merits of the factual and legal issues that are the subjects for the arbitrator and of issuing injunctions that would otherwise be forbidden by the Norris–LaGuardia Act.

428 U.S. at 410–11, 96 S.Ct. at 3148–49.

We think that the instant appeal falls squarely within the analytic framework of *Buffalo Forge*. The Union struck over the Employer's refusal to pay an assessment of $775.78 levied against it by the Union for late payment of contributions to a Union trust fund. The Union argues that the work stoppage did not violate the collective bargaining agreement's no–strike clause because of an express exception reserving the right to strike for non–payment of such contributions. The Employer counters with arguments why the work stoppage did violate the no–strike clause.

Thus, as in *Buffalo Forge*, the Union and Employer are in dispute over whether the Union's strike action is barred by the no–strike clause of their bargaining agreement. *Buffalo Forge* makes clear, we think, that this question of contract interpretation was not within the district court's jurisdiction to consider. The only issue the district court could address in the case at hand is the preliminary one of whether the parties are bound, under their bargaining agreement, to submit to arbitration the question of the strike's legitimacy. Equally true under *Buffalo Forge* is that where it is not clear that the strike is over an arbitrable issue and is in violation of a no strike clause, the district court has no jurisdiction to enjoin strike activity pending the arbitrator's decision. Only if the arbitrator determined that the no–strike clause barred the strike would the *Boys Markets* exception permit an injunction against continued strike activity.

We note that here, unlike in *Buffalo Forge*, the Union has so far refused to arbitrate the issue of the no–strike clause's applicability. As the Supreme Court made clear in *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974) and reemphasized, albeit in dictum, in *Buffalo Forge*, 428 U.S. at 405, 96 S.Ct. at 3146, a district court may, if it finds a dispute to be arbitrable under the parties' collective bargaining agreement, order the parties to engage in arbitration.

Under *Buffalo Forge*, the district court had no jurisdiction to issue an injunction against the Union's strike. We vacate the injunction, therefore, and remand to the district court for a determination of whether or not the parties are obligated, under the collective bargaining agreement, to submit to arbitration the issue of the no–strike clause's applicability. If the court determines that they are so obligated, it may order the parties to arbitrate forthwith.

The injunction is therefore VACATED, and the case REMANDED to the district court for further proceedings consistent with this opinion.